**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1493-23

ROBERT GRONE,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Argued March 10, 2025 – Decided May 1, 2025

Before Judges Sabatino and Jablonski.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. xx6295.

Samuel M. Gaylord argued the cause for appellant (Szaferman Lakind Blumstein & Blader, PC, attorneys; Samuel M. Gaylord, on the brief).

Allyson V. Cofran, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Donna Arons, Assistant Attorney General, of counsel; Allyson V. Cofran, on the brief).

PER CURIAM

Petitioner Robert Grone challenges a final administrative determination of the Board of Trustees of the Public Employees' Retirement System ("PERS"), adopting the Administrative Law Judge's ("ALJ") decision denying his request for accidental disability retirement benefits ("ADR benefits"). Based on our review of the record, and considering the pertinent causation standard that was inconsistently expressed, and likely misapplied, by the ALJ, we vacate the Board's decision and remand for further proceedings.

I.

We detail the relevant facts from the administrative record. Petitioner was employed as a laborer with Maple Shade Township and frequently operated a large piece of heavy construction equipment known as a front-end loader. Petitioner customarily exited the cab of the machine by donning work gloves and descending an access ladder backwards while holding supporting handles. In October 2017, petitioner fell when his hand slipped off one of the handles. He landed in a "split" position with his left leg in front of him and his right leg behind him ("the accident"). Despite the accident, petitioner returned to work and completed his shift.

A-1493-23

His condition deteriorated over the next few days and petitioner was ultimately unable to return to work. Diagnostic scans revealed that petitioner tore his hip joint and injured his lower back. Petitioner received treatment for both conditions over the following months. Despite these interventions, petitioner reported that he was unable to work.

Two years later, petitioner applied for ADR benefits. The Board denied his application because it found that the October 2017 accident was not "undesigned and unexpected" and because it concluded that petitioner's disability was associated with a pre-existing condition aggravated by his work effort. After petitioner contested that conclusion, the Board referred this matter to the Office of Administrative Law for a hearing.

A.

At the hearing, both petitioner and the Board presented medical expert testimony. The experts rendered different opinions about the nature of petitioner's injury.

Petitioner's expert, an orthopedist, testified that he prepared for the examination by considering the details of the accident, petitioner's self-reported complaints, and certain medical history before he evaluated petitioner. The expert also reviewed the MRI films that were taken after the accident of

3

petitioner's hip and lower back. Ultimately, the petitioner's expert concluded that the tear in petitioner's left hip was "acute," and the injury should not be considered a degenerative condition:

> Well, because, again, when you're solving the puzzle you look at all the parts, and prior to the onset of the trauma in October of [2017] we have no history that this [petitioner] ever had an MRI for the hip, there's no documentation here, there's no prior medical records to talk about a defined hip issue per se . . . or that something that was chronic in nature, so to me it was an acute tear.
>
> I would look to se[e] if there was fraying of the acetabular labrum which would tell me, well, this is more degenerative. To me this was more of an acute tear when I looked at it.

The expert observed arthritis in petitioner's left hip that contributed to petitioner's pathology, and observed petitioner previously injured his knee two years before the accident. Petitioner's expert ultimately concluded that petitioner's accident was the substantial cause of his disability.

The Board's expert, an orthopedic surgeon, reached a different diagnosis and conclusion. The Board's expert focused on the degeneration in petitioner's hip and summarized it as a long-standing, chronic, debilitating condition. The Board's expert also noted that petitioner's weight, the advanced disease in his left hip, his tilted pelvis, and the deterioration in his lumbar spine were

4

contributing factors to petitioner's disability. The expert also recognized that petitioner had not reported any symptomology either with his back or his hip before the accident and observed there was no direct evidence that the accident exacerbated petitioner's pre-existing disease in either of those areas. The Board's expert ultimately concluded that the accident resulted in a soft tissue injury of petitioner's lumbar spine and that it had resolved. Accordingly, the expert opined that although petitioner did have some degenerative changes to his spine, his disabling condition was the long-term weakening of his hip.

B.

The ALJ initially concluded after the hearing that petitioner's accident was an unfortunate part of petitioner's "normal work effort" and was, therefore, not "undesigned [nor] unexpected" such that it would trigger ADR benefits according to the criteria articulated in Richardson v. Bd. of Tr., Police & Firemen's Ret. Sys., 192 N.J. 189 (2007).[1] The Board disagreed and reversed the ALJ's conclusion and remanded the matter to the ALJ for a specific determination as to whether the accident caused petitioner's disability.

_____

[1] According to Richardson, a public employee may only receive ADR benefits if they are permanently and totally disabled due to a traumatic, unexpected event that is identifiable by time and place, external and not related to pre-existing conditions, occurring during regular duties, not caused by personal negligence, and resulting in an inability to perform their duties. 192 N.J. at 212.

A-1493-23

On remand, based on the existing record, the ALJ amplified his prior decision and made credibility determinations to answer the Board's direct inquiry:

> On July 30, 2015, [petitioner] had an MRI of his left knee done at South Jersey Radiology the notes for which state, among other things, "The MRI shows a degenerative medical meniscus tear. It is not a new acute tear from trauma. It is a degenerative tear. There is a small effusion and he also has gross degenerative arthritis of that knee. So, he has a meniscus tear which is degenerative in nature as well as gross arthritis."

The ALJ ultimately concluded the "injuries sustained in the [accident were] not the proximate cause of [petitioner's] inability to work but that the advanced degenerative disease revealed in [his] hip [was] the proximate cause of his disability." The ALJ rephrased this conclusion frequently throughout his decision stating that the accident was not "a substantial cause of [petitioner's] injuries," and that petitioner's disability was not "derive[d] . . . solely from the incident."

The ALJ deferred to the testimony of the Board's expert and determined his opinion was the more credible between the two:

> [Petitioner's expert's] opinion is based upon [petitioner]'s subjective self-reporting symptoms. [Petitioner's expert] testified that he did not review the prior information for [petitioner]'s 2015 fall – specifically the MRI notes above.

[The Board's expert] conducted a similar review of [petitioner] with the addition of the documentation and information of the 2015 fall and accompanying medical records. From that information [the Board's expert] opined that [petitioner]'s medical problems were of a long-term nature, some degeneration of the hip going back [ten] or [twenty] years.

The Board adopted the ALJ's decision and once again denied petitioner's application for ADR benefits. Petitioner appealed.

## II.

"Our review of administrative agency action is limited." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (citing In re Herrmann, 192 N.J. 19, 27 (2007)). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Ibid. (quoting Herrmann, 192 N.J. at 27-28). Our review of an agency's decision considers:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

[In re Proposed Quest Acad. Charter Sch. of Montclair Founders Grp., 216 N.J. 370, 385 (2013) (quoting Mazza v. Bd. of Trs., Police & Firemen's Ret. Sys., 143 N.J. 22, 25 (1995)).]

We must affirm an agency's findings of fact if "supported by adequate, substantial[,] and credible evidence." In re Taylor, 158 N.J. 644, 656-57 (1999) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). Moreover, if we are "satisfied after [our] review that the evidence and the inferences to be drawn therefrom support the agency head's decision, then [we] must affirm even if [we] feel[] that [we] would have reached a different result . . . ." Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 588 (1988). The burden of demonstrating arbitrary, capricious, or unreasonable action rests upon the party challenging it. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). We are not bound, however, by an agency's "determination of a strictly legal issue . . . ." Russo, 206 N.J. at 27 (quoting Mayflower Sec. Co., Inc. v. Bureau of Sec., 64 N.J. 85, 93 (1973)). We review its purely legal conclusions de novo. In re Ridgefield Park Bd. of Educ., 244 N.J. 1 (2020).

Applying these standards, we agree with petitioner that the Board acted incorrectly in this matter.

8

## A.

Petitioner argues that the ALJ's decision on remand and the Board's affirmance of it employed a legally incorrect causation standard. The Board disagrees and argues that its denial is reasonable and is supported by substantial and credible evidence. Here, the central issue presented is whether petitioner's injury from the accident was the "essential significant or substantial contributing cause of the disability" or whether the disability was connected to a pre-existing condition. Gerba v. Bd. of Trs. of Pub. Emps.' Ret. Sys., 83 N.J. 174, 187 (1980), overruled on other grounds by Maynard v. Bd. of Trs. of Teachers' Pension & Annuity Fund, 113 N.J. 169 (1988); Petrucelli v. Bd. of Trs. of Pub. Emps.' Ret. Sys., 211 N.J. Super. 280, 288 (App. Div. 1986).

Following our review of the record, we conclude the ALJ may have inconsistently stated the pertinent causation standard and analyzed the testimony incorrectly as a result. We are constrained, therefore, to vacate and remand to the ALJ for consideration of the facts in light of the Gerba causation standard.

## B.

To qualify for ADR benefits, a PERS member must establish being "permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of [the member's] regular or

9                                                                    A-1493-23

assigned duties . . . ." N.J.S.A. 43:15A-43(a). To that end, our Supreme Court required that a PERS member show:

> 1. that [the member is] permanently and totally disabled;
>
> 2. as a direct result of a traumatic event that is
>
>> a. identifiable as to time and place,
>>
>> b. undesigned and unexpected, and
>>
>> c. caused by a circumstance external to the member (not the result of pre-existing disease that is aggravated or accelerated by the work);
>
> 3. that the traumatic event occurred during and as a result of the member's regular or assigned duties;
>
> 4. that the disability was not the result of the member's willful negligence; and
>
> 5. that the member is mentally or physically incapacitated from performing [the member's] usual or any other duty.
>
> [Richardson, 192 N.J. at 212-13 (2007).]

In interpreting the "direct result" causation requirement, the Court held "the traumatic event need not be the sole or exclusive cause of the disability." Gerba, 83 N.J. at 187. Causation is satisfied when "the traumatic event is . . . the essential significant or substantial contributing cause of the disability . . .

even though it acts in combination with an underlying physical disease." Ibid. However, if the traumatic event merely "contributed to the progression of [the] [underlying] condition" by "aggravation," then it is not the "essential significant or substantial contributing cause" of the disability. Id. at 189, 187.

Our review of the ALJ decision leads us to conclude that the standard the ALJ used are less-than-clear. The ALJ referred to at least four different causation standards in the opinion. First, he introduced the issue in his legal analysis as "whether the incident was a substantial cause for petitioner's disability." Second, he later stated a similar standard, defining the issue as "whether [the] incident substantially resulted in petitioner's injury." Third, in his analysis, the ALJ framed the issue as proximate causation, stating that "[petitioner]'s injuries sustained in the October 2017 event are not the proximate cause of his inability to work," but rather, "the advanced degenerative disease revealed in [petitioner]'s hip is the proximate cause of his disability." Fourth, the ALJ wrote that "petitioner's disability derives from factors including advanced degenerative disease of the hip and not solely from the incident of October 17, 2017." (emphasis added).

None of these statements accurately expresses the correct causation standard for an assessment of ADR benefits eligibility. See Gerba, 83 N.J. at

187. We must set aside the final agency decision because the ALJ's conclusion appears premised on one or more causation standards that improperly raised petitioner's burden. By holding that "petitioner's disability derives . . . not solely from" his fall off the front-end loader, the decision directly contradicts the Court's instruction in <u>Gerba</u> that "the traumatic event need <u>not be the sole or exclusive cause</u> of the disability." <u>Ibid.</u> (emphasis added).

Although the ALJ did describe the testimony of both experts, the opinion lacked specific analysis as to whether the accident was an "essential significant or substantial contributing cause of the disability." <u>Ibid.</u> This inquiry is central to an assessment of ADR benefits eligibility. <u>See ibid.</u> (holding that a traumatic event can still "satisfy the statutory standard of an accidental disability even though it acts in combination with an underlying disease" as long as it is an "essential significant or substantial contributing cause"). Finally, the ALJ did not specifically analyze whether petitioner's pre-existing condition might have acted in combination with or been aggravated by the accident based on the expert testimony presented.

Since the Board affirmed that decision and the ALJ's findings appear to include incorrect legal standards on the causation requirements for ADR benefits, the agency decision must be vacated and remanded for a proper

A-1493-23

consideration of the causation standard.  <u>Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n</u>, 234 N.J. 150, 157 (2018).  We leave it to the agency as to whether any additional evidence may be warranted.

Reversed and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division